IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES LIZOTTE,

        Plaintiff,        Civil No. 04-1814-CO

        v.        FINDINGS AND
                RECOMMENDATION
WARDEN CHARLES DANIELS,
et al.,

        Defendants.

COONEY, Magistrate Judge.

    Plaintiff, an inmate at FCI Sheridan, filed a tort claim seeking "reimbursement for personal property lost by prison officials on May 22, 2004." The tort claim was denied. Plaintiff filed this action pursuant to 28 U.S.C. §§ 1346 and 2671 alleging that he "suffered a property loss as a result of the negligent or wrongful acts of prison officials," seeking damages in the amount of $288.00. Defendants now move to dismiss (#15).

    The facts giving rise to plaintiff's claim are as

follows: Plaintiff alleges that on April 9, 2004, plaintiff and six other inmates were removed from the general prison population and confined to administrative segregation as a result of unauthorized alcohol being discovered by a guard in a common area of Unit A-1 of FCI Sheridan. Plaintiff further alleges that upon his release from administrative segregation five days later, he discovered that a "significant portion of his personal property was missing."

Plaintiff alleges that "prison officials were negligent and did not follow officially-mandated procedures with regard to Plaintiff's property." Specifically, plaintiff alleges that pursuant to institution protocols require that when an inmate is removed from the general population, prison officials are required to lock the inmates cell "so that his property is not stolen by other inmates before being inventoried and placed into storage."

Plaintiff alleges that "none of these procedures were properly followed" in that his cell door remained unlocked for approximately 25 minutes following his removal from the general population." Plaintiff further alleges that "the gurard who finally removed plaintiff's property from his cell was not the same guard who conducted the inventory and storage of (his) property" as required by the "officially mandated procedures." Plaintiff contends that "his property loss was caused by negligence on the part of guards handling his property." Amended Complaint (#14) p. 1-3.

Defendants contend that this court lacks jurisdiction over plaintiff's claims because "[t]he United States does not waive sovereign immunity for the intention (sic) of goods. See 28 U.S.C. § 2680(c), <u>Bramwell v. U.S. Bureau of Prisons</u>, 348 F. 3rd 804 (9th Cir. 2003)." Motion to Dismiss (#15) p. 2.

Plaintiff argues that <u>Bramwell v. Bureau of Prisons</u> is distinguishable from the case at bar and not controlling because he "did not allege in his complaint that BOP officials 'detained' his property and then lost it, he alleged that his property was either stolen from him outright and destroyed by these officials or lost as a result of negligence and a failure by these officials to follow mandated procedure." Plaintiff's Memorandum in Opposition (#16) p. 1-2.

There is no allegation in plaintiff's complaint that prison officials stole, destroyed or intentionally lost his property. The gravamen of plaintiff's complaint is that prison officials were negligent in not following the procedures which resulted in plaintiff's property being lost or stolen by other inmates.

The United States may not be sued unless the government has waived its sovereign immunity. <u>Blaser v. Department of Justice</u>, 327 F.3d 903, 907 (9th Cir. 2003). The Federal Tort Claims Act is such a waiver, and it grants subject matter jurisdiction to federal courts for claims that arise from certain tortious conduct by government employees. <u>See</u>, 28 U.S.C. § 1346(b)(1).

3 - FINDINGS AND RECOMMENDATION

However the FTCA's broad waiver of sovereign immunity is subject to thirteen specific exceptions. See, 28 U.D.C. §§ 2680(a)-(n). One of the exceptions is the "detention of goods" exception, which retains the government's immunity from "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." See, 28 U.S.C. § 1680(c).

In Bramwell, supra, after the inmate plaintiff was moved to administrative segregation at a federal prison, BOP officers cleared out his property from his old cell and sent his overcoat to the prison laundry, unaware that a $290 pair of designed prescription eyeglasses remained in the coat pocket. When the plaintiff learned that his eyeglasses had been damages, and that the prison would not refund the full cost, he sued the BOP under the FTCA.

The Ninth Circuit Court of Appeals held that BOP officers are "law enforcement officers" exempt from FTCA liability for damage to detained goods under 28 U.S.C. § 2680(c). Relying on Kosak v. United States, 465 U.S. 848 (1984), the court further held that the detention of goods, merchandise, or other property included claims arising out of negligent handling or storage by federal officials.

In Bramwell, the court held that the BOP officers "detained" the plaintiff's property under 28 U.S.C. § 2680(c). Plaintiff's alleges in this case that BOP officers were

negligent in the execution of procedures intended to secure and inventory his property until such time as it could be returned to him.

I find that Bramwell is controlling of the issue before the court. Defendants' alleged conduct falls within an exception to the government's waiver of sovereign immunity under the FTCA, because they are "law enforcement officers" under 28 U.S.C. § 2680(c) and the alleged negligence resulting in the loss of plaintiff's property occurred while plaintiff's property was being "detained."

Defendants' Motion to Dismiss (#15) should be allowed. This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

5 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _7__ day of July, 2005.

                                       ____s/_____
                                       John P. Cooney
                                       United States Magistrate Judge